Nicholsoh, C. J.,
delivered the opinion of the court.
Robert Moore & Co. were cotton factors at Cincinnati, having a house at Memphis, managed _ by Minor as their agent. Early in 1865, Minor arranged with Peacock to make advances on all the cotton Peacock might ship to Robert Moore & Co. at Cincinnati. Under this arrangement, Peacock made one or more shipments. on which there was a balance of advancements *483 ■against him of $1,920. In April, 1865, Peacock chartered the steam tug Tom Swan, at Memphis, and, with a permit furnished by Minor for Robert Moore & Co., went down the river, procured about fifty-four bales of cotton, and returned with them to Memphis on the 28th or 29th of April. The cotton was immediately attached by the owners of the boat for the charter debt, — $1,000; but Minor, as the agent of Robert Moore & Co., assumed the debt, as well as the amount of $700 due to the hands on the boat, and procured a release of the attachment, whereupon he made an agreement with Peacock to take possession of the cotton and have it forwarded to Cincinnati to Robert Moore & Co., for sale, when Robert Moore & Co. were, by the agreement, to retain the balance due on former advances, together with the amounts advanced, and the liabilities assumed, on the 29th of April, — the whole amounting to six or seven thousand dollars. About the time the cotton was being transferred from the Tom Swan to another boat, for shipment to Cincinnati, attachments were levied on it by Oliver and others, creditors of Peacock.
Robert Moore & Co. brought replevin against the sheriff, and regained the possession of the cotton. The attaching creditors were afterward substituted as defendants in place of the sheriff.
Robert Moore & Co. claimed a special property in the cotton by virtue of the advances made to Peacock and the contract between Peacock and Minor, the agent of Robert Moore & Co., by which this firm acquired, as alleged by them, a lien on the cotton, to secure their *484 advances made and liabilities assumed, and by which the actual possession of the cotton passed from Peacock to Minor, as agent for Robert Moore & Go.
Oliver and others claim by virtue of attachments-levied on the cotton, while, as they allege, the title of the cotton was in Peacock, and while it was in transit to Cincinnati; and they insist that there was no such possession of the cotton acquired by Minor for Moore .as vested in him a special property in the cotton for advancements made or liabilities assumed. On this issue proof was taken on both sides. Proof was also taken by the defendants to show that the arrangement between Peacock and Minor, by which the cotton was transferred to Minor for Robert Moore & Co. was made for the purpose of defeating Peacock’s-creditors. The Circuit Judge charged the jury, that if Robert Moore & Co. were factors, and as such had made advances on the cotton in question, and had' obtained possession thereof, either actual or constructive, then, in that case, the cotton was not subject to attachment by Peacock’s creditors. That the mere circumstance that the factors had made advances on the cotton, and had paid a part or all of the freight incident to its transportation, would not give them a lien thereon; nor would the possession of the bill of lading give them a lien. That it is the possession of the goods, either actual or constructive, that gives a factor a lien for his advances. That by constructive possession is meant the possession of an agent or servant of the factor. -That any transfer, sale, or conveyance, made in order to hinder, delay, or defraud, *485 the creditors of the vendor or consignor, is fraudulent •and void as to creditors, and will be set aside; and that if they should find that this conveyance was made for such a purpose, they should find for the defendants.
The jury returned a verdict for Robert Moore & Co., and the defendants have appealed.
It is now assigned for error, that the Circuit Judge refused to give the following instructions to the jury:— “If you find from the testimony that the cotton had been put in transitu by Peacock to Cincinnati, Ohio, to Robert Moore & Co., as his factors, and if you find that it came into the possession of the agent of the .plaintiffs at Memphis, to be forwarded to its destination, for and on account of Peacock, then, in that case, you will find for the defendants.”
It is the duty of a Judge to charge the law with a view to its application by the jury to the facts actually in proof before them. In this case, the proof showed that Peacock, the owner of the cotton, brought it to Memphis on a boat chartered by him for the purpose, under a permit which allowed him to bring it only to that point. He brought it in pursuance of an arrangement with Minor as the agent of Robert Moore & Co., that when it came to Memphis- it was then to be forwarded to Robert Moore & Co. at Cincinnati. It was also in proof that Minor, as agent, assumed the freight to Memphis, and made other advances, and took a bill of lading from Peacock. The Judge charged the jury correctly in reference to the facts, that the mere circumstance that the factors had made advances on the cotton, and had paid a part, *486 or all, of the freight, and had the bill of lading, would not give them a lien on the cotton: — that for this the factors must have had possession, either actual- or constructive, — that is, by themselves or their agent. This charge is fully sutstained ^y the case of Woodruff v. The N. & C. R. R. Co., 2 Head, 87.
But the instruction which the court refused assumes that the cotton was shipped from Mississippi to be delivered at Cincinnati, and that while in transitu at Memphis, the agent at Memphis of Robert Moore & Co., the consignees, came into the possession of the cotton for the sole purpose of forwarding it to Cincinnati.
Upon such a state of facts, the instruction asked for would have been correct. But it is not controverted that Peacock, the owner of the cotton, chartered the steam tug Tom Swan, to carry the. cotton to Memphis; nor that, when it reached there, Peacock himself was there, and had possession of the cotton nor that Memphis was the terminus of the shipment by the Tom Swan. To get the cotton to Cincinnati, another shipment, by another boat, and under another permit, was necessary. If the Judge had charged as requested, he would have assumed that the cotton while at Memphis was in transit for Cincinnati under a shipment made from Mississippi. Such an assumption would have been contrary to the undisputed facts in the case, and might have misled the jury, although correct as an abstract proposition of law.
The refusal, therefore, was not erroneous.
The question of fraud, as well as the question whether the factor at Memphis had actual or construe- *487 tive possession of the cotton, was passed upon by the jury, and we see no reason for disturbing their verdict.
It is said that on the trial of the case the plaintiff offered to read the deposition of Oscar Minor, to which the defendants objected, upon the ground that at a prior term said deposition had been stricken from the record by order of the court, as inadmissible, because at that time the witness was incompetent on account of interest, which objection was overruled and the deposition read.
It is insisted, that, although the witness was competent at the trial, by reason of the change in the law, yet as the court at a previous term had ordered the deposition to be stricken from the record,- it was error afterward to allow it to be read without notice ■to the defendants that it would be again offered, or without its being again taken.
It does not appear that the court ordered the deposition to be stricken from the record. The order is, “ that the defendants’ objection to the competency of the witness, Oscar Minor, be sustained — this is the entire order. Ho reference is made to the deposition, and we must presume that it remained on file with the knowledge of the parties.
We have held several times that the competency of a witness depends upon the law at the time his evidence is offered on the trial. Without determining whether this witness had such an interest as to render him incompetent under the former law, it is sufficient that he was competent when liis' testimony was admitted on the trial. Nor do we think that the de *488 fendants have made out such a case of surprise in the admission of the evidence as to call for a reversal of the judgment.
Upon the whole case, we find no error, and we affirm the judgment.